1  STEPHEN J. HIRSCHFELD (SBN 118068)
   GEOFFREY M. HASH (SBN 227223)
2  CURIALE DELLAVERSON HIRSCHFELD
      & KRAEMER, LLP
3  727 Sansome Street
   San Francisco, CA 94111
4  Telephone: (415) 835-9000
   Facsimile: (415) 834-0443
5  shirschfeld@cdhklaw.com
   ghash@cdhklaw.com
6
7  Attorneys for Defendants
   TANDBERG TELEVISION, INC. and
8  TELEFONAKTIEBOLAGET LM ERICSSON

9               UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                   (San Francisco Division)

12

13 JAMES OLSON,                          Case No. C07-02480 PJH

14         Plaintiff,                    E-FILING CASE

15 vs.                                   **STIPULATION AND PROTECTIVE
                                         ORDER REGARDING
16 TANDBERG TELEVISION, INC., a          CONFIDENTIALITY**
   corporation, and
17 TELEFONAKTIEBOLAGET LM
   ERICSSON, a corporation.
18
           Defendants.
19

20        This Stipulation and Protective Order Regarding Confidentiality ("Protective Order") is

21 entered into by and between Plaintiff James Olson ("Olson") and Defendants Tandberg

22 Television, Inc. ("TANDBERG") and Telefonaktiebolaget LM Ericsson ("LME Ericsson")

23 through their respective counsel. Olson, TANDBERG, and LME Ericsson are also referred to in

24 this Protective Order as the "parties" or a "party."

25        A.    Whereas, in connection with certain initial disclosures, requests for production of

26 documents, interrogatories and other written or oral discovery in the above-captioned litigation,

27 the parties have requested and anticipate producing documents and information that one or more

28

STIPULATION AND PROTECTIVE ORDER- CONFIDENTIALITY
CASE NO.: C07-02480 PJH                                                              3348490

1   party contends to be confidential by reason of principles of privilege or confidentiality;

2       B.    Whereas, the parties wish to accommodate each others' requests for production of documents and information without compromising the confidentiality of the documents produced or the information contained therein; and

5       C.    Whereas, nothing in this Protective Order shall constitute an acknowledgement by any party that there are in fact any legally protected privacy, trade secret, or other confidentiality interests or privileges with respect to any of the materials covered by this Protective Order.

    Based on the foregoing, OLSON, TANDBERG, and LME ERICSSON STIPULATE AND AGREE AS FOLLOWS:

    1.    The parties will be producing discovery in this litigation through initial disclosures, production of documents and information and responses to written or oral discovery requests ("Discovery Responses"). These Discovery Responses may contain information that Olson, TANDBERG, or LME Ericsson contend is of a proprietary, confidential, private, or commercially sensitive nature.

    2.    This Protective Order applies to all Discovery Responses in this litigation proceeding that Olson, TANDBERG, or LME Ericsson contend is of a proprietary, confidential, private, or commercially sensitive nature. Such Discovery Responses, and the information contained therein, are hereinafter referred to as the "Confidential Information."

    3.    Disclosure to third parties of the Confidential Information could be injurious to the interests of the producing party or its present or former employees.

    4.    The Confidential Information shall be viewed by or otherwise disclosed only to: (a) the parties to this litigation, including any employee, agent, former employee, former agent, present or former parents, subsidiaries or related or associated entities of any party; (b) counsel for the parties and their employees; (c) expert witnesses or consultants employed by the parties or their counsel in connection with this litigation; (d) testifying witnesses in this litigation or any witness that a party reasonably and in good faith believes may provide testimony in this litigation; (e) the United States District Court for the Northern District of California staff and any judge assigned to this case; (f) any court reviewing the decision of this Court; (g) copy service

1  providers used by the parties in the course of this litigation; and (h) court reporters and their
2  respective agencies used by the parties in the course of this litigation. Confidential Information
3  shall be held in strict confidence by each of the foregoing persons, and shall be used or disclosed
4  solely in connection with this litigation except as required by law. The foregoing persons
5  identified in subdivisions (a), (b), (c), (d), (g), and (h) above shall not disclose Confidential
6  Information or discuss the content thereof with anyone other than the foregoing persons without
7  the prior written consent of counsel for the party who produced such Confidential Information. If
8  any party hereto should determine that disclosure of Confidential Information to other third
9  parties is necessary or appropriate, such party shall request the modification of this Protective
10 Order to permit such additional disclosure by application to the Court. Notwithstanding any of
11 the foregoing provisions of this paragraph, Confidential Information shall not be disclosed to any
12 person, *other than the persons identified in subdivisions (a), (b), (e), and (f), above,* unless and
13 until that person (or counsel for that person) signs a Certificate Regarding Confidentiality as
14 provided in Paragraph 5 of this Protective Order.

15        5.    Each person (other than the persons identified in subdivisions (a), (b), (e),
16 and (f) of the foregoing Paragraph) to whom any Confidential Information is disclosed, prior to
17 such disclosure, shall: (1) be given a copy of this Protective Order by counsel for the party
18 disclosing such Confidential Information; (2) consent to the personal jurisdiction of this Court;
19 (3) be bound by the terms of such Protective Order; and (4) certify, by signing a copy of the
20 Certificate Regarding Confidentiality attached as Exhibit A, that he or she has carefully read the
21 Protective Order, fully understands its terms, and will abide by its terms. Counsel for the party
22 disclosing such Confidential Information shall be responsible for maintaining the original signed
23 Certificates, and shall also maintain a list of all persons to whom such Confidential Information is
24 disclosed.

25        6.    At the conclusion of this case, each party hereto shall either destroy all
26 Confidential Information or return all Confidential Information to counsel for the party who
27 produced such Confidential Information. Without written permission from the party designating
28 any information or document(s) as Confidential Information, a Party may not file in the public

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  record of this action any Confidential Information without first seeking leave to file such
2  Confidential Information under seal in accordance with Civil Local Rule 79.5 after giving
3  appropriate notice to all interested persons.

4        7.      This Protective Order shall be binding on each of the parties hereto. The
5  undersigned counsel represent that they are authorized to execute this Protective Order on behalf
6  of their respective clients. Each person employed by any party hereto or their counsel to whom
7  disclosure is made of any Confidential Information shall be bound by the terms of this Protective
8  Order. Any person or entity that violates the terms of this Protective Order shall be subject to the
9  jurisdiction of this Court and any judge assigned to this case.

10       8.      This Protective Order is without prejudice to any right to object to the
11 production of documents or information on any basis, to apply to the Court for a further
12 protective order, to object to any discovery request, or to apply to the Court for an order
13 compelling further discovery, further discovery protection or modification of this Protective
14 Order. By producing Confidential Information pursuant to this Protective Order, the producing
15 party does not admit the admissibility as evidence of the information or documents produced,
16 waive any rights to object to the admission into evidence of the information or documents
17 produced, or waive any rights to assert the attorney-client and/or work product privileges with
18 respect to other requested or produced documents.

19       9.      If the recipient of Confidential Information contends that it should not be
20 designated as "Confidential" under this Protective Order, the recipient shall notify the producing
21 party of that fact in writing within ninety (90) days of its receipt of the information. If the parties
22 are unable to resolve through an informal meet and confer process the dispute regarding the
23 designation within ten (10) business days of the producing party's receipt of the written notice,
24 the recipient may file a motion with the Court seeking to have the information no longer be
25 designated as confidential under this Protective Order. This motion must be filed within fifteen
26 (15) days after the (10) business day meet and confer period describe above has elapsed. If the
27 recipient party files a motion to change the designation of the information, the producing party
28 may file within ten (10) days of receipt of the recipient party's motion an opposition to the

4

STIPULATION AND PROTECTIVE ORDER- CONFIDENTIALITY
CASE NO.: C07-02480 PJH

1   motion. Except as provided above, until a judge enters an order, if any, changing the designation
2   of the information, it shall be treated and designated as "Confidential" under this Protective
3   Order.
4       10.   Any documents or information produced in this litigation by a third party
5   pursuant to subpoena, deposition, or other discovery procedure and designated as Confidential
6   information by either the third party or either party to this action shall be treated as Confidential
7   Information subject to all the provisions of this Protective Order upon written notice to the
8   respective counsel for each party hereto. Such notice: (a) shall refer to this Protective Order;
9   (b) shall identify the documents or information to be treated as Confidential Information
10  hereunder; and (c) may be given by any party hereto or by the third party that produced such
11  documents or information.
12      11.   Any document filed or exchanged in this litigation which discloses the
13  substantive content of Confidential Information may be stamped or labeled as "Confidential —
14  Subject to Protective Order." A party or non-party may designate information disclosed during a
15  deposition or in response to written discovery as "Confidential — Subject to Protective Order" by
16  so indicating in said responses or on the record at the deposition. Additionally, a party or non-
17  party may designate in writing, within twenty (20) days after receipt of a responses to written
18  discovery or of the deposition transcript for which the designation is proposed, that specific pages
19  of the transcript and/or specific responses be treated as "Confidential — Subject to Protective
20  Order" information. Any other party may object to such proposal, in writing or on the record. In
21  an attempt to resolve an objection, the parties shall follow the procedures described in paragraph
22  9 above.
23      12.   This Protective Order shall not apply to any party's handling of its own
24  Confidential Information.
25      13.   This Protective Order shall survive the final termination of this litigation.
26      14.   The parties agree to be bound by the terms of this Protective Order upon
27  ///
28  ///

///
///
///
///

execution by their respective counsel, regardless of when and/or whether the Court approves this Protective Order.

**IT IS SO STIPULATED.**

Date: 9/19/0 , 2007

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

By: _____
Geoffrey M. Hash

Attorneys for Defendants
TANDBERG TELEVISION, INC. and
TELEFONAKTIEBOLAGET LM ERICSSON

Date: 9/18 , 2007

McGuinn, Hillsman & Palefsky

By: _____
Cliff Palefsky
Keith Ehrman
Attorneys for Plaintiff
James Olson

**IT IS SO ORDERED.**

Date: _____, 2007

_____
Phyllis J. Hamilton
Judge of the United States District Court

# EXHIBIT A

## CERTIFICATE REGARDING CONFIDENTIALITY

I hereby certify that I have carefully read the Stipulation and Protective Order Regarding Confidentiality entered in *Olson v. Tandberg Television, Inc., et al.*, United States District Court, Northern District of California, Case No. C07-02480 PJH ("Protective Order"), and that I fully understand the terms of the Protective Order. I recognize that I am bound by the terms of the Protective Order, and I agree to comply with those terms. I further understand and agree that I shall be subject to the jurisdiction of the United States District Court, Northern District of California for the purposes of a contempt citation or other appropriate sanction or penalty under applicable laws and rules for violation of this Protective Order.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: _____

_____
Signed
Name (please print):
Affiliation:
Address:
Telephone No.: